JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
    E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:    (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN SWAN, an Individual; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.:  5:17-cv-05744<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 / *Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION [15 U.S.C. § 1125(a) / *Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)];**<br>**(4) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. § 501(a)];**<br>**(5) UNLAWFUL / UNFAIR / FRAUDULENT BUSINESS PRACTICES [California *Business & Professions Code* § 17200];**<br>**(6) CONTRIBUTORY TRADEMARK INFRINGEMENT;**<br>**(7) VICARIOUS TRADEMARK INFRINGEMENT;**<br>**(8) CONTRIBUTORY COPYRIGHT INFRINGEMENT; and**<br>**(9) VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff ADOBE SYSTEMS INCORPORATED to hereby file its Complaint for Damages against Defendant JOHN SWAN, and DOES 1-10, inclusive (collectively, "Defendants").

### PARTIES

1.      Plaintiff ADOBE SYSTEMS INCORPORATED (hereinafter "Plaintiff" or "Adobe") is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

2.      Plaintiff is informed and believes that Defendant JOHN SWAN (hereinafter "Swan") is an individual conducting business at 2065 Nostrand Avenue (Units 5Y, 5G, and 5P), Brooklyn, New York 11210.   Plaintiff is informed and believes that Defendant Swan does business in the State of California and specifically in the Northern District of California.

3.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names.   When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4.      Plaintiff further alleges that Defendant Swan and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible upon the causes of action hereinafter set forth.

5.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant Swan and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

### JURISDICTION

6.      This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin / false or misleading advertising / unfair competition, and

dilution under the *Lanham Act* (15 U.S.C. § 1051 *et seq.*), and copyright infringement under 17 U.S.C. § 501(a).  This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §§ 1367(a) and 1338 (a) and (b).

7.     Personal jurisdiction exists over Defendants because on information and belief, Defendants reside within this judicial district.  Defendants also conduct business in California and within this judicial district, have purposefully directed their actions to California and this judicial district, and/or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

8.     This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice.  Specifically, Defendants have committed acts of willful infringement and unfair competition in this district.   In connection therewith, Defendants have advertised, offered to sell, sold and distributed unauthorized and/or counterfeit software products that infringe the trademarks and copyrights of Plaintiff, a Northern California-based software company, using multiple seller IDs on the Northern California-based platform located at www.ebay.com and the Northern California-based payment processing services of PayPal, Inc., all while knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said unauthorized and/or counterfeit software products from Defendants, believing them to be authorized goods manufactured and distributed by the Northern California-based Plaintiff or its authorized distributors.   Both Plaintiff and these California consumers have felt substantial harm in California and this judicial district.

9.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b), because on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district and has caused damages to Plaintiff in this district. Venue is also proper, *inter alia*, pursuant to 28 U.S.C. § 1400, because on information and belief, Defendants may be found in this judicial district through their minimum contacts with the Northern District of

**COMPLAINT FOR DAMAGES**

1  California.  Supplemental or pendent jurisdiction exists over any remaining claims due to the fact
2  that all claims alleged herein are so closely related that they arise from the same nexus of facts
3  and form part of the same case or controversy.

4                              **INTRADISTRICT ASSIGNMENT**

5         10.    Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before
6  the United States District Court for the Northern District of California ("Civil L.R.") and the
7  Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district-wide
8  basis.

9         11.    Assignment to the San Jose Division would be appropriate, pursuant to Civil L.R.
10  3-2(e), because a substantial part of the events that give rise to Plaintiff's claims against
11  Defendants occurred in Santa Clara County, California, where Plaintiff's principal place of
12  business is located.

13                              **GENERAL ALLEGATIONS**

14              **Plaintiff and its Famous ADOBE® Software Products**

15        12.    Plaintiff is a global leader in developing and distributing innovative computer
16  software.  Its products and services offer developers and enterprises tools for creating, managing,
17  delivering and engaging with compelling content across multiple operating systems, devices and
18  media.  The software industry is competitive, and Plaintiff undertakes great expense and risk in
19  conceiving, developing, testing, manufacturing, marketing, and delivering its software products to
20  consumers.  Software piracy undermines Plaintiff's investment and creativity, and misleads and
21  confuses consumers.

22        13.    The success of Plaintiff's ADOBE® and ACROBAT® products and services,
23  among others (collectively referenced and referred to herein as "Adobe-Branded Software"), is
24  due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and
25  promotion through Plaintiff's websites, print and other Internet-based advertising, among other
26  efforts.  Plaintiff has spent substantial time, money and effort in building up and developing
27  consumer recognition, awareness and goodwill in its Adobe-Branded Software and the associated
28  marks thereto.

- 4 -
**COMPLAINT FOR DAMAGES**

14.     The success of the Adobe-Branded Software, and other products and services related thereto, is not due to Plaintiff's promotional efforts alone.  Rather, the popularity of Adobe-Branded Software is also due in part to consumers and the word of mouth buzz consumers have generated.

15.     As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, Adobe-Branded Software and the associated marks thereto have been prominently placed in the minds of the public.  Consumers, purchasers and members of the public have become familiar with Plaintiff's software and other products and services and have come to recognize Adobe-Branded Software and the associated marks thereto and associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, Adobe-Branded Software and the associated marks thereto are famous in the United States and throughout the world and have acquired secondary meaning in the minds of consumers.

16.     While Plaintiff has gained significant common law trademark and other rights in its Adobe-Branded Software through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

17.     Plaintiff has secured registrations for its ADOBE®, A ADOBE®, A®, A®, and ACROBAT® word and design trademarks, among others, with the United States Patent and Trademark Office ("USPTO").  A non-exhaustive list of Plaintiff's trademark registrations is attached hereto as **Exhibit A** (collectively referenced and referred to herein as "Adobe's Trademarks"). Specifically, Plaintiff owns and has registered the following marks:

(i)     "ADOBE," USPTO Reg. No. 1,475,793

(ii)    "A ADOBE," USPTO Reg. No. 1,901,149

(iii)    "A," USPTO Reg. No. 2,081,343



(iv)    "A," USPTO, Reg. No. 1,852,943



(v)    "ACROBAT," USPTO Reg. No. 1,833,219

(vi)    "ACROBAT," USPTO Reg. No. 3,652,382

# ACROBAT

18.    Similarly, Plaintiff's Adobe-Branded Software is copyrightable subject matter, and Plaintiff has secured copyright registrations for various versions of its software, specifically including but not limited to ADOBE ACROBAT X PRO (TX 7-358-035) and ADOBE ACROBAT XI PRO (TX 7-624-519), among others, with the United States Copyright Office.  A non-exhaustive list of Plaintiff's copyright registrations is attached hereto as **Exhibit B** (collectively referenced and referred to herein as "Plaintiff's Copyrights").

**<u>Defendants' Wrongful and Infringing Conduct</u>**

19.    Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its well-recognized products have become targets for unscrupulous individuals and entities who wish to take a free ride on the goodwill, reputation and fame Plaintiff has spent considerable effort to build up in its products and marks and the works embodied in Plaintiff's software products.

20.    A large number of individuals and entities deal in unauthorized, infringing, pirated and/or counterfeit Adobe-Branded Software products and other products and services, including but not limited to the famous ADOBE® and ACROBAT® products.  Their actions vary and

include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing counterfeit and/or otherwise unauthorized Adobe-Branded Software products.

21.     Counterfeit products are extremely damaging to Plaintiff and its intellectual properties as well as the consumers who purchase these products. Counterfeit products often contain viruses or malware, which can harm the purchaser's computer and steal their personal information.  Even absent such viruses or malware in the counterfeit products themselves, counterfeit products do not allow for any updates or security patches, as Plaintiff's authentic software does, leaving the customer's computer, personal information and the software itself vulnerable to outside viruses and malware.  In turn, Plaintiff's reputation and goodwill suffers because these customers blame Plaintiff, who they believe to be the original source of the software.

22.     Plaintiff investigates and enforces against such piratical and counterfeiting activity regularly and through such efforts learned of Defendants and Defendants' actions advertising, offering for sale, selling and/or distributing infringing and/or counterfeit Adobe-Branded Software products within the United States.  Defendants use the services of the Northern California-based eBay, Inc.'s Internet sales platform, located at www.ebay.com (hereinafter "eBay").  Defendants offer for sale, sell and distribute their unauthorized and/or counterfeit Adobe-Branded Software through a multitude of seller IDs, including but not limited to "2014thlee," "il2014-keli," "ofklay," "amaur82," "shant_auba," "richa-dema," "rozath8," "lera_glow," "justapiratelookinfortreasure," "munpet.kdpkju7w7," "pere_miha," "joh3705.hzskss1," robgayl," "ronalharde_0," "seilpakoma_0," and "lukamerado-0," among others.

23.     Defendants transact payment through the Northern District of California-based, PayPal, Inc. (hereinafter "PayPal").  All money received by Defendants flows through California through the website and payment processor located at www.paypal.com.

24.     Plaintiff has never authorized or consented to Defendants' use of Plaintiff's Trademarks, or any confusingly similar mark, or Plaintiff's Copyrights.  Specifically, Plaintiff has never authorized Defendants to manufacture, copy, sell, distribute, or alter any of Plaintiff's

Copyrights or use any of Plaintiff's Trademarks on or in connection with such copied, sold, distributed, or altered Adobe-Branded Software.

25. Defendants advertise, offer for sale, sell, and/or distribute counterfeit copies of Adobe-Branded Software. These disks, which were not manufactured or authorized for manufacture by Plaintiff, contain unauthorized versions of Plaintiff's Copyrights bearing counterfeit replicas of Adobe's Trademarks.

26. On July 10, 2015, Plaintiff's investigator purchased a purported "Adobe Acrobat X Professional Retail – Full Version Windows 65083161" from Defendants' eBay account "2014thlee" for a cost of $139.99. Payment was made through PayPal to "Lika Lee" with an email address of "lika8111a@gmail.com." On or about July 20, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5y, Brooklyn, NY 11210." The package contained one box with two discs inside, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

27. Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the July 10, 2015, order contained two copies of ADOBE ACROBAT X PRO©. Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

28. On or about July 17, 2015, Plaintiff's investigator, from the State of California, purchased a purported "NEW Full Version for Windows Adobe Acrobat X Professional Retail wrapped sealed" from Defendants' eBay account "il2014-keli" for a cost of $136.49. Payment was made through PayPal to "tamir kelin" with an email address of "tamirkelin@gmail.com." On or about July 24, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5y, Brooklyn, NY 11210." The package contained one box with two discs inside, each purporting to be ADOBE ACROBAT X PRO©.

The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

29.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the July 17, 2015, order contained two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.  Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

30.     On or about July 30, 2015, Plaintiff's investigator, from the State of California, purchased a purported "New Professional Edition Adobe Acrobat X Pro 10 Software For Windows" from Defendants' eBay account "ofklay" for a cost of $129.95.  Payment was made through PayPal to "ofek klayn" with an email address of "ofekingoros@gmail.com."  On or about August 7, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5P, Brooklyn, NY 11210."  The package contained one box with two discs inside, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

31.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the July 30, 2015, order contained two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.  Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

32.     On August 10, 2015, Plaintiff's investigator, from the State of California, purchased a purported "Adobe Acrobat X Professional Retail – Full Version Windows 65083161" from Defendants' eBay account "amaur82" for a cost of $115.49.  Payment was made through

**COMPLAINT FOR DAMAGES**

PayPal to "Uri Amai" with an email address of "uriamai5@gmail.com." On or about August 18, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210." The package contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

33. Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the August 10, 2015, order contained two copies of ADOBE ACROBAT X PRO©. Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

34. On September 1, 2015, Plaintiff's investigator, from the State of California, purchased a purported "Adobe Acrobat X Professional Retail – Full Version Windows 65083161" from Defendants' eBay account "shant_auba" for a cost of $113.00. Payment was made through PayPal to "shantal auban" with an email address of "shantalauban@gmail.com." On or about September 18, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210." The package contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

35. Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the September 1, 2015, order contained two copies of ADOBE ACROBAT X PRO©. Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

36.     Additionally, on October 19, 2015, Plaintiff's investigator purchased another purported "Adobe Acrobat X Professional Retail – Full Version Windows 65083161" from Defendants' eBay account "shant_auba" for a cost of $113.00.   Payment was made through PayPal to "shantal auban" with an email address of "shantalauban@gmail.com."   On or about October 28, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210."   The package also contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

37.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the October 19, 2015, order contained two copies of ADOBE ACROBAT X PRO©.   Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

38.     On October 21, 2015, Plaintiff's investigator, from the State of California, purchased a purported "Adobe Acrobat X Professional – Full Version for Windows.   Sealed. New.  Never used" from Defendants' eBay account "richa-dema" for a cost of $119.99.  Payment was made through PayPal to "Richard Demay" with an email address of "comithia@gmail.com." On or about October 26, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210."   The package contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

39.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the October 21, 2015, order contained two copies of ADOBE ACROBAT X PRO©.   Plaintiff confirmed that the packaging and both discs

1   were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.

2   Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would

3   not decode. The second disc, which purported to be an educational edition of ADOBE

4   ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

5        40.     On October 27, 2015, Plaintiff's investigator purchased a purported "Adobe

6   Acrobat X Professional Retail – Full Version Windows 65083161" from Defendants' eBay

7   account "rozath8" for a cost of $115.00.  Payment was made through PayPal to "lina rozan" with

8   an email address of "rozanlina3@gmail.com."   On or about November 4, 2015, Plaintiff's

9   investigator received a package pursuant to this order with a return address of "John Swan, 2065

10   Nostrand Ave., Apt 5y, Brooklyn, NY 11210."  The package contained one box with two discs,

11   each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to

12   Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

13        41.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-

14   Branded Software provided by Defendants pursuant to the October 27, 2015, order contained two

15   copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs

16   were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.

17   Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would

18   not decode. The second disc, which purported to be an educational edition of ADOBE

19   ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

20        42.     On November 6, 2015, Plaintiff's investigator purchased a purported "Adobe

21   Acrobat X Professional Retail – Full Version Windows Not Upgrade/Student" from Defendants'

22   eBay account "lera_glow" for a cost of $99.89.  Payment was made through PayPal to "Lera

23   Glow" with an email address of "lerler441@gmail.com."  On or about November 16, 2015,

24   Plaintiff's investigator received a package pursuant to this order with a return address of "John

25   Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210."  The package contained one box with

26   two discs, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually

27   identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

28

**COMPLAINT FOR DAMAGES**

43.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the November 6, 2015, order contained two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.  Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

44.     On November 10, 2015, Plaintiff's investigator purchased a purported "Adobe Acrobat XI Pro (Retail) (1 User/s) – Full Version for Windows 6" from Defendants' eBay account "justapiratelookinfortreasure" for a cost of $100.00.  Payment was made by credit card. On or about November 19, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210."  The package contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©, not the ordered Adobe Acrobat XI Pro. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

45.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the November 10, 2015, order contained two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.  Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

46.     On November 13, 2015, Plaintiff's investigator purchased a purported "Adobe Acrobat X Professional – Full Version Windows 65083161 New, Sealed" from Defendants' eBay account "munpet.kdpkju7w7" for a cost of $109.99.  Payment was made by credit card.  On or about November 16, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., Apt 5g, Brooklyn, NY 11210."  The package contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©. The

packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

47.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the November 13, 2015, order contained two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.  Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

48.     On December 7, 2015, Plaintiff's investigator, from the State of California, purchased a purported "Brand New Factory Sealed Adobe Acrobat X 10 Pro For Windows 1 User Retail Pack" from Defendants' eBay account "pere_miha" for a cost of $115.95.  Payment was made through PayPal to "Mihai Perez" with an email address of "mihaiprz@gmail.com."  On or about December 15, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210."  The package contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

49.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the December 7, 2015, order contained two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.  Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

50.     On December 14, 2015, Plaintiff's investigator, from the State of California, purchased a purported "Adobe Acrobat X Professional Retail – Full Version Windows 650831611" from Defendants' eBay account "joh3705.hzskss1" for a cost of $102.99.  Payment

**COMPLAINT FOR DAMAGES**

1  was made through PayPal to "John James" with an email address of "johnjoke4812@gmail.com."

2  On or about December 23, 2015, Plaintiff's investigator received a package pursuant to this order

3  with a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210."  The

4  package contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©.

5  The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's

6  Trademarks and Copyrights.

7  　　　　51.　　Plaintiff then inspected the discs and packaging and confirmed that the Adobe-

8  Branded Software provided by Defendants pursuant to the December 14, 2015, order contained

9  two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both

10  discs were counterfeit and had not been manufactured or authorized to be manufactured by

11  Plaintiff.  Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit

12  and would not decode. The second disc, which purported to be an educational edition of ADOBE

13  ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

14  　　　　52.　　On February 24, 2016, Plaintiff's investigator, from the State of California,

15  purchased a purported "Adobe Acrobat X Professional Retail – Full Version Windows/ Sealed

16  Full version" from Defendants' eBay account "robgayl" for a cost of $94.99.  Payment was made

17  through PayPal to "Robert Gaylord" with an email address of "robertthegaybert@gmail.com."

18  On or about March 2, 2016, Plaintiff's investigator received a package pursuant to this order with

19  a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210."  The package

20  contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©. The

21  packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks

22  and Copyrights.

23  　　　　53.　　Plaintiff then inspected the discs and packaging and confirmed that the Adobe-

24  Branded Software provided by Defendants pursuant to the February 24, 2016, order contained

25  two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both

26  discs were counterfeit and had not been manufactured or authorized to be manufactured by

27  Plaintiff.  Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit

28

- 15 -
**COMPLAINT FOR DAMAGES**

1  and would not decode. The second disc, which purported to be an educational edition of ADOBE

2  ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

3      54.    On July 15, 2016, Plaintiff's investigator purchased a purported "Adobe Acrobat

4  XI Pro for Windows for Windows New, Sealed.  Never used" from Defendants' eBay account

5  "ronalharde_0" for a cost of $89.99.  Payment was made through PayPal to "Ronald Harden" with

6  an email address of "Hardennky@gmail.com."  On or about July 20, 2016, Plaintiff's investigator

7  received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand

8  Ave., #5y, Brooklyn, NY 11210."  The package contained a box housing one copy of software

9  purporting to be ADOBE ACROBAT XI PRO©. The packaging was virtually identical to

10  Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

11      55.    Plaintiff then inspected the disc and packaging and confirmed that the Adobe-

12  Branded Software provided by Defendants pursuant to the July 15, 2016, order contained a copy

13  of ADOBE ACROBAT XI PRO©.   Plaintiff confirmed that the disc and packaging were

14  counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff.

15  Plaintiff also confirmed the serial number affixed to the disc was counterfeit and would not

16  decode.

17      56.    On August 18, 2016, Plaintiff's investigator, from the State of California,

18  purchased a purported "ORIGINAL Adobe Acrobat X Professional Retail – Full Version

19  Windows 65083161" from Defendants' eBay account "seilpakoma_0" for a cost of $85.00.

20  Payment was made through PayPal to "Seila Pakoma" with an email address of

21  "seilapakomad@gmail.com."  On or about August 29, 2016, Plaintiff's investigator received a

22  package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5g,

23  Brooklyn, NY 11210."  The package contained one box with two discs, each purporting to be

24  ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging,

25  complete with Plaintiff's Trademarks and Copyrights.

26      57.    Plaintiff then inspected the discs and packaging and confirmed that the Adobe-

27  Branded Software provided by Defendants pursuant to the August 18, 2016, order contained two

28  copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs

were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

58.     On February 7, 2017, Plaintiff's investigator, from the State of California, purchased a purported "Adobe Acrobat X Professional 10 NEW & SEALED Full Version for Windows" from Defendants' eBay account "lukamerado-0" for a cost of $105.00.  Payment was made through PayPal to "Lukas Merados" with an email address of "lukasmerados@gmail.com." On or about February 15, 2017, Plaintiff's investigator received a package pursuant to this order with a return address of "John Swan, 2065 Nostrand Ave., #5g, Brooklyn, NY 11210."  The package contained one box with two discs, each purporting to be ADOBE ACROBAT X PRO©. The packaging was virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

59.     Plaintiff then inspected the discs and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the February 7, 2017, order contained two copies of ADOBE ACROBAT X PRO©.  Plaintiff confirmed that the packaging and both discs were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Plaintiff also confirmed the serial number affixed to one of the discs was counterfeit and would not decode. The second disc, which purported to be an educational edition of ADOBE ACROBAT X PRO© but which was instead counterfeit, lacked any serial number.

60.     During the course of the aforementioned purchases made by Plaintiff's investigators, Plaintiff has continuously sent cease and desist correspondences to Defendants. Specifically, Plaintiff sent cease and letters to Defendants via certified mail on or about September 9, 25, 30, 2015; October 27, 2015; December 4, 21, 2015; January 15, 19, 2016; April 22, 2016; July 20, 2016; and November 15, 2016. Plaintiff followed up via the emails provided by the PayPal accounts on October 5, 19, 26, 2015; November 2, 9, 23, 2015; December 7, 2015; January 4, 19, 20, 2016; February 1, 2016; May 16, 31, 2016; August 15, 29, 2016; December 13, 2016; and January 4, 2017. Defendants have never responded to any of these correspondences.

61.     On information and belief, it has become apparent to Plaintiff that Defendants are engaged in an ongoing piratical concern whose primary business consists of systematically infringing upon Plaintiff's Trademarks and Copyrights in order to generate substantial illegal revenues.

62.     By these sales and on information and belief, Defendants have advertised, marketed, offered for sale, sold and distributed numerous counterfeit and/or unauthorized Adobe-Branded Software products to consumers that infringe on Plaintiff's Trademarks and Copyrights, resulting in thousands if not millions of dollars in ill-begotten gains from Defendants' infringement. Defendants' dealings in counterfeit and/or unauthorized software products violate Plaintiff's exclusive rights in Plaintiff's Copyrights and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's Trademarks to confuse consumers and aid in the promotion and sales of Defendants' unauthorized product.

63.     Defendants' conduct and use began long after Plaintiff's adoption and use of its ADOBE®, A ADOBE®, A®, A®, and ACROBAT® word and design trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiff's Trademarks became famous.  Indeed, Defendants had knowledge of Plaintiff's ownership of the Trademarks, and of the fame in such Trademarks, prior to the actions alleged herein and adopted them in bad faith and with intent to cause confusion and dilute Plaintiff's Trademarks.  Defendants also had knowledge of Plaintiff's ownership of its Copyrights and copied, imported, offered for sale, sold, and/or distributed unauthorized copies of the Copyrights in order to illegally profit from Plaintiff's Copyrights.

64.     Having been put on notice by Plaintiff's numerous cease and desist correspondences, Defendants' actions were committed with full knowledge that their conduct constituted infringement of Plaintiff's Trademarks and Copyrights.

65.     Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's Trademarks, and to cause confusion, mistake or to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants and/or

Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

66.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff: (i) infringed and diluted Plaintiff's rights in Plaintiff's Trademarks; (ii) infringed Plaintiff's Copyrights; (iii) applied counterfeit marks; (iv) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; (vii) contributorily and vicariously infringed Plaintiff's Trademarks; (viii) contributorily and vicariously infringed Plaintiff's Copyrights; and (ix) unfairly profited from such activity.   Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

<u>**FIRST CAUSE OF ACTION**</u>

**(Infringement of Registered Trademarks Against Defendants JOHN SWAN and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

67.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-66.

68.     Plaintiff has continuously used Plaintiff's Trademarks in interstate commerce since at least as early as 1993.

69.     Plaintiff, as the owner of all right, title and interest in and to Plaintiff's Trademarks, has standing to maintain an action for trademark infringement under the Trademark Statute, 15 U.S.C. § 1114.

70.     Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark holder of Plaintiff's Trademarks.

71.     Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of Plaintiff's Trademarks to deal in and commercially distribute, market and sell Adobe-Branded Software products bearing Plaintiff's Trademarks into the stream of commerce.

72.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, and/or distribution of Defendant's software products by importing, offering, advertising, promoting, retailing, selling, and/or distributing counterfeit and/or unauthorized copies of Adobe-Branded Software bearing Plaintiff's Trademarks.

73.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution and/or advertising of goods.  Defendants thereupon imported, offered, advertised, promoted, retailed, sold, and/or distributed counterfeit and/or unauthorized Adobe-Branded Software bearing Plaintiff's Trademarks.

74.     Defendants' egregious and intentional use and sale of counterfeit and/or unauthorized items bearing Plaintiff's Trademarks is likely to cause confusion or mistake, or to deceive, mislead, betray, and defraud consumers who believe that items being offered for sale by Defendants are authorized products manufactured and distributed by Plaintiff.

75.     Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in Plaintiff's Trademarks.  Defendants' acts have been committed with knowledge that their conduct infringes Plaintiff's rights in Plaintiff's Trademarks.  Defendants have acted willfully, in bad faith, and with the intent to cause confusion, mistake or to deceive.

76.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Plaintiff's Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law.  Thus, Plaintiff requests injunctive relief, including but not limited to preliminary relief.

77.     Defendants' continued and knowing use of Plaintiff's Trademarks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 U.S.C. § 1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other

remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin / False or Misleading Advertising / Unfair Competition Against Defendants JOHN SWAN and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

78.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-77.

79.     Plaintiff, as the owner of all common law right, title, and interest in and to Plaintiff's Trademarks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* § 43(a) (15 U.S.C. § 1125). Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness.

80.     Defendants have, without authorization, on or in connection with their goods and services, used in commerce marks that are confusingly similar to Plaintiff's Trademarks and/or have made false designations of origin which are likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

81.     Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured Plaintiff and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial. Defendants' actions are causing and will continue to cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Trademarks.

82.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, and intended to cause confusion, mistake or deception, all in blatant disregard of Plaintiff's rights.

83.     Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's Trademarks would cause confusion, mistake, or deception among purchasers, users and the public.

84.   Defendants' egregious and intentional use and sale of counterfeit and/or unauthorized software bearing Plaintiff's Trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake or to deceive, mislead, betray, and defraud consumers to believe that Defendants' unauthorized products are genuine, authorized Adobe-Branded Software.

85.   Defendants' continuing and knowing use of Plaintiff's Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

86.   Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.   As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

87.   Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, including but not limited to preliminary relief, as well as monetary damages and other remedies as provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

**(Trademark Dilution Against Defendants JOHN SWAN and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

88.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-87.

89.   Plaintiff's Trademarks are distinctive and famous within the meaning of the *Lanham Act*.

90.   Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Trademarks became famous, and Defendants acted knowingly, deliberately and

**COMPLAINT FOR DAMAGES**

willfully with the intent to trade on Plaintiff's reputation and to dilute or tarnish Plaintiff's Trademarks. Defendants' conduct is willful, wanton and egregious.

91.     Defendants' intentional sale of counterfeit and/or unauthorized software bearing Plaintiff's Trademarks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that Defendants' substandard and/or limited software are authorized, full retail versions of Adobe-Branded Software. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Trademarks and are likely to impair the distinctiveness, strength and value of Plaintiff's Trademarks and injure the business reputation of Plaintiff and its marks.

92.     Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

93.     As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief, including but not limited to preliminary relief, as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

**FOURTH CAUSE OF ACTION**

**(Federal Copyright Infringement Against Defendants JOHN SWAN and DOES 1-10, Inclusive)**

**[17 U.S.C. § 501(a)]**

94.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-93.

95.     Plaintiff is the exclusive owner of copyrights in the Adobe-Branded Software along with images and other protectable works related thereto and possesses copyright registrations with the United States Copyright Office relating to the same.

- 23 -
**COMPLAINT FOR DAMAGES**

96.     Defendants did not seek and failed to obtain Plaintiff's consent or authorization to import, utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

97.     Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, manufactured and/or distributed Plaintiff's protected works by importing, offering, advertising, promoting, retailing and/or selling counterfeit and/or unauthorized Adobe-Branded Software, which are, at a minimum, substantially similar to Plaintiff's Copyrights.

98.     Defendants' acts as alleged herein, constitute infringement of Plaintiff's Copyrights, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

99.     Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, including but not limited to preliminary relief, as well as damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

**FIFTH CAUSE OF ACTION**

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants JOHN SWAN and DOES 1-10, Inclusive)**

**[California *Business & Professions Code* § 17200 *et seq.*]**

100.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-99.

101.    By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit and/or unauthorized Adobe-Branded Software bearing Plaintiff's Trademarks, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of California *Business and Professions Code* § 17200 *et seq*.

102.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit and/or unauthorized Adobe-Branded Software is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and

- 24 -
**COMPLAINT FOR DAMAGES**

the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

103.   Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit and/or unauthorized product would cause confusion, mistake or deception among purchasers, users and the public.

104.   By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit and/or unauthorized versions of Adobe-Branded Software bearing Plaintiff's Trademarks, Defendants intended to, did and will induce customers to purchase their products by trading off the extensive goodwill built up by Plaintiff in its marks.

105.   Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, and intended to cause confusion, mistake or to deceive, all in blatant disregard of Plaintiff's rights.

106.   Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from their infringing activity, and Plaintiff's actual and/or compensatory damages.

107.   Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief, including but not limited to preliminary relief.

108.    Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession that rightfully belong to Plaintiff.

## SIXTH CAUSE OF ACTION

**(Contributory Trademark Infringement against Defendants JOHN SWAN and DOES 1-10, Inclusive)**

109.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-108.

110.    Plaintiff is the exclusive owner of Plaintiff's Trademarks and possesses trademark registrations for the same with the U.S.P.T.O.

111.    At the time of their actions, Defendants were aware (or were on constructive notice) that Plaintiff is the registered owner of Plaintiff's Trademarks.

112.    Various sellers (on eBay or otherwise) have infringed upon Plaintiff's Trademarks by offering for sale, selling, and distributing counterfeit versions of Adobe-Branded Software using the services of Defendants.

113.    By offering for sale and/or distributing counterfeit versions of Adobe-Branded Software for the aforementioned sellers, Defendants have substantially and materially contributed to the infringement of Plaintiff's Trademarks and profited from the same.

114.    Defendants have also induced the infringement of Plaintiff's Trademarks by intentionally advertising and/or distributing counterfeit versions of Adobe-Branded Software on behalf of the aforementioned sellers.

115.    Defendants did not and failed to obtain the consent or authorization of Plaintiff to use Plaintiff's Trademarks to deal in and commercially distribute, advertise, and sell products to consumers.

116.    Defendant knew or should have known that the products they were dealing in, manufacturing, distributing, selling, and/or advertising on behalf of their customers were counterfeit and infringing upon Plaintiff's Trademarks.

117.    Despite receiving multiple notices of Plaintiff's ownership of the Trademarks and the counterfeit nature of the Adobe-Branded Software being offered for sale and/or distributed by

**COMPLAINT FOR DAMAGES**

Defendants, Defendants continued to offer for sale and/or distribute counterfeit Adobe-Branded Software for their customers.

118.    As a proximate result of Defendants' actions, Plaintiff has suffered monetary damage as well as irreparable harm and unquantifiable damage to its Trademarks, reputation, and goodwill.

## SEVENTH CAUSE OF ACTION

### (Vicarious Trademark Infringement against Defendants JOHN SWAN and DOES 1-10, Inclusive)

119.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-118.

120.    Plaintiff is the exclusive owner of Plaintiff's Trademarks and possesses trademark registrations for the same with the U.S.P.T.O.

121.    Defendants have derived business financial gains and profited directly from their customers' use of Defendants' advertising and/or distribution services to distribute counterfeit versions of Adobe-Branded Software bearing Plaintiff's Trademarks.

122.    Plaintiff is informed and believes that Defendants had the right and ability to supervise and/or control the infringing activity of their customers.

123.    Defendants failed to exercise their right and ability to supervise and/or control the infringing activity of their customers.

124.    As a proximate result of Defendants' actions, Plaintiff has suffered monetary damage as well as irreparable harm and unquantifiable damage to its Trademarks, reputation, and goodwill.

## EIGHTH CAUSE OF ACTION

### (Contributory Copyright Infringement against Defendants JOHN SWAN and DOES 1-10, Inclusive)

125.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-124.

126.    Plaintiff is the exclusive owner of Plaintiff's Copyrights and possesses copyright registrations for the same with the U.S. Copyright Office.

**COMPLAINT FOR DAMAGES**

1    127.    At the time of their actions, Defendants were aware (or were on constructive

2    notice) that Plaintiff is the registered owner of Plaintiff's Copyrights.

3    128.    Various sellers (on eBay or otherwise) have infringed upon Plaintiff's Copyrights

4    by offering for sale, selling, and distributing unauthorized versions of Adobe-Branded Software

5    using the services of Defendants.

6    129.    Defendants knew or had reason to know that their customers were using

7    Defendants' advertising and/or distribution services to distribute unauthorized copies of Adobe-

8    Branded Software and infringe Plaintiff's Copyrights.

9    130.    Defendants substantially and materially contributed to their customers' direct

10   infringement of Plaintiff's Copyrights through their advertising and/or distribution services.

11   131.    Defendants have also induced the infringement of Plaintiff's Copyrights by

12   intentionally advertising and/or distributing counterfeit versions of Adobe-Branded Software on

13   behalf of their customers.

14   132.    Defendants have derived business financial gains and profits by materially

15   contributing to their customers' direct infringement.

16   133.    As a proximate result of Defendants' actions, Plaintiff has suffered monetary

17   damage as well as irreparable harm and unquantifiable damage to its Copyrights, reputation, and

18   goodwill.

19   **<u>NINTH CAUSE OF ACTION</u>**

20   **(Vicarious Copyright Infringement against Defendants JOHN SWAN and DOES 1-10,**

21   **Inclusive)**

22   134.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-133.

23   135.    Plaintiff is the exclusive owner of Plaintiff's Copyrights and possesses copyright

24   registrations for the same with the U.S. Copyright Office.

25   136.    Defendants have derived business financial gains and profited directly from their

26   customers' use of Defendants' advertising and/or distribution services to distribute unauthorized

27   copies of Plaintiff's Copyrights.

28

**COMPLAINT FOR DAMAGES**

137.    Plaintiff is informed and believes that Defendants had the right and ability to supervise and/or control the infringing activity of their customers.

138.    Defendants failed to exercise their right and ability to supervise and/or control the infringing activity of their customers.

139.    As a proximate result of Defendants' actions, Plaintiff has suffered monetary damages as well as irreparable harm and unquantifiable damage to its Copyrights, reputation, and goodwill.

## **PRAYER OF RELIEF**

WHEREFORE, Plaintiff ADOBE SYSTEMS INCORPORATED prays for judgment against Defendant JOHN SWAN and DOES 1-10, inclusive, and each of them, as follows:

A.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

B.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. § 501(a);

C.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

D.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

E.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for contributory trademark infringement;

F.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for vicarious trademark infringement;

G.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for contributory copyright infringement;

H.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for vicarious copyright infringement;

**COMPLAINT FOR DAMAGES**

I. In the alternative to actual damages and Defendants' profits for the direct, contributory, and/or vicarious infringement and counterfeiting of Plaintiff's Trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

J. In the alternative to actual damages and Defendants' profits for the direct, contributory, and/or vicarious infringement of Plaintiff's Copyrights pursuant to 17 U.S.C. § 504(b), for statutory damages pursuant to 17 U.S.C. § 504(c), which election Plaintiff will make prior to the rendering of final judgment;

K. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under California *Business and Professions Code* § 17200;

L. For consequential and compensatory damages;

M. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit and/or unauthorized product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

N. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

O. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

P. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118 and 17 U.S.C. § 503;

**COMPLAINT FOR DAMAGES**

1   Q.   For treble damages suffered by Plaintiff as a result of the willful and intentional

2        infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §

3        1117(b);

4   R.   For damages in an amount to be proven at trial for unjust enrichment;

5   S.   For Plaintiff's reasonable attorney's fees;

6   T.   For all costs of suit; and

7   U.   For such other and further relief as the Court may deem just and equitable.

8   **<u>DEMAND FOR JURY TRIAL</u>**

9   Plaintiff ADOBE SYSTEMS INCORPORATED respectfully demands a trial by jury in

10  this action.

11  DATED: October 4, 2017                         JOHNSON & PHAM, LLP

12
                                                   By: /s/ Christopher Q. Pham
13                                                 Christopher Q. Pham, Esq.
                                                   Nicole Drey Huerter, Esq.
14                                                 Attorneys for Plaintiff
                                                   ADOBE SYSTEMS INCORPORATED
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**