JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
    E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SWAN, an Individual, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:17-cv-05744-EDL<br><br>**PLAINTIFF ADOBE SYSTEMS INCORPORATED'S MOTION FOR MISCELLANEOUS ADMINISTRATIVE RELIEF FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[Civil L.R. 7-11]**<br><br>**Hon. Magistrate Judge Elizabeth D. Laporte**<br><br>[Filed Concurrently with Declaration of Nicole Drey Huerter and Exhibits A-WW, and [Proposed] Order] |

# MOTION FOR ADMINISTRATIVE RELIEF

## I. Introduction

Plaintiff ADOBE SYSTEMS INCORPORATED ("Plaintiff") brings this MOTION FOR MISCELLANEOUS ADMINISTRATIVE RELIEF under Civil Local Rule 7-11 seeking an order permitting Plaintiff to take limited, expedited discovery prior to a Rule 26(f) conference in order to conclusively identify and locate Defendant JOHN SWAN ("Defendant") for service. Defendant has engaged in the sale and distribution of unauthorized versions of Plaintiff's copyrighted and trademarked software products, using eBay, PayPal, and various other third-parties to assist him in his ongoing piratical scheme and conceal his true identity.

Denial of this Motion will leave Plaintiff without any recourse against Defendant. Defendant has thus far concealed his true identity and whereabouts in order to avoid responsibility for his illegal enterprise. Defendant will continue to do so without reprimand or consequence unless this application is granted so that Defendant can be properly served with this action. Therefore, the expedited discovery sought in this Motion should be granted as it is reasonable, justified, and based upon a finding of "good cause."

## II. Statement of Issues

Whether leave should be granted to Plaintiff to take limited expedited discovery.

## III. Statement of Facts

Plaintiff is a global leader in developing and distributing innovative computer software. *See* COMPLAINT ("Compl."), ¶12. Plaintiff is the exclusive owner of a number of federally-registered and common law trademarks. Compl., ¶¶16-17, Exhibit ("Ex.") A. Plaintiff also holds federally-registered copyrights for its Adobe-branded software. *Id*., ¶18, Ex. B.

Plaintiff's investigators have made seventeen (17) purchases of counterfeit Adobe software from various eBay accounts, all of which have been shipped by a "John Swan" purporting to be located at an address in Brooklyn, New York. Compl., ¶¶26-59; Declaration of Nicole Drey Huerter ("Huerter Decl."), ¶¶2-50, Exs. A-WW. This address, however, with its various suite numbers, has proven to be invalid, as Plaintiff's cease and desist letters have all been unclaimed. Compl., ¶60; Huerter Decl., ¶52. None of Plaintiff's extensive research has

found a correct address for Defendant. Huerter Decl., ¶¶54. Moreover, Plaintiff has sent multiple email correspondences to Defendant, prior to the filing of this lawsuit, in an attempt to identify and locate Defendant, as well as potentially resolve this matter without Court intervention, but Defendant has not responded. Compl., ¶60; Huerter Decl., ¶53.

The purchases of Defendant's counterfeit products were completed using the services of eBay, Inc., and PayPal, Inc. Compl., ¶¶26-59; Huerter Decl., ¶¶2-50, Exs. A-WW. Accordingly, eBay and PayPal will likely know the true identity of Defendant as well as his current contact information because such third-party businesses routinely keep records pertaining to their user's identities with particularity for billing and contact purposes. Huerter Decl., ¶56.

IV. **Argument**

    A.    **This Court Has Discretion to Grant Plaintiff Leave to Take Immediate Limited Discovery Prior to a Rule 26(f) Conference**

This Court has the authority to grant leave for Plaintiff to take immediate discovery. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). No exception or rule applies here, nor can Plaintiff obtain a stipulation from the unserved Defendant. Thus, Plaintiff seeks expedited discovery by order of the Court.

Courts wield broad discretion to fashion discovery orders. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Laub v. U.S. Dep't. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Blackburn v. U.S.*, 100 F.3d 1426, 1436 (9th Cir. 1996). While the Ninth Circuit has at times discussed various tests for determining whether a court should exercise this discretion to grant a party leave to take immediate discovery prior to the Rule 26(f) conference, neither the Supreme Court nor the Ninth Circuit have endorsed any specific test. *In re Anonymous Online Speakers*, 2011 WL 61635, at **3-6 (9th Cir. 2011) (discussing the various standards for allowing discovery prior to a Rule 26(f) conference to determine an individual's identity).

Generally, courts apply more exacting tests where anonymous free speech is at issue to prevent any chilling effect. *In re Anonymous Online Speakers*, 2011 WL 61635, at **3-6. In the

instant matter, however, no anonymous free speech issues are present as the sale and offer for sale of counterfeit products is not protected by the First Amendment. *Levi Strauss & Company v. Shilon*, 121 F.3d 1309, 1312 (9th Cir. 1997) (holding that because the transaction underlying Defendant's "offer, i.e. selling counterfeit goods, is unlawful, the offer itself [was] not afforded First Amendment protection."); *Nordyke v. Santa Clara County,* 110 F.3d, 707, 710 (9th Cir.1997) ("For commercial speech to come within the protection of the First Amendment, it must concern lawful activity."). Thus, less exacting tests apply here.

In the absence of any free speech issues, district courts within the Ninth Circuit have used the "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 276 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003) (the good cause standard is satisfied where the moving party had asserted claims of infringement and unfair competition). Alternatively, some district courts have applied the four-pronged *Seescandy.com* analysis to determine if a grant of leave to take immediate pre-Rule 26(f) discovery is proper. *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 578 (N.D. Cal. 1999); *see also Liberty Media Holdings v. Pornilove.net*, 2011 WL 455905, at **1-2 (S.D. Cal. 2011) (applying the *Seescandy.com* standard to allow plaintiff to serve subpoenas on third-party internet service providers in order to determine the identities of individuals behind four IP addresses in a copyright infringement case); *Rocker Mgt. LLC v. John Does*, 2003 WL 22149380, at **1-2, No. 03-MC-33 (N.D. Cal. 2003) (applying the *Seescandy.com* standard to identify persons who posted libelous statements on Yahoo! message board; denying request for expedited discovery where the postings in question were not libelous). Under either test, Plaintiff's petition should be granted.

  **B.**  **Plaintiff Meets the Requirements of the "Good Cause" Standard**

"Good cause" exists for granting Plaintiff leave to take immediate discovery prior to the Rule 26(f) conference in order to determine the actual whereabouts of Defendant because neither the Defendant nor the third-parties to be subpoenaed will be prejudiced and because

expedited discovery will move this litigation forward. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.*, 208 F.R.D. at 276. In particular, courts frequently find good cause in cases involving claims of infringement and unfair competition. *Id*. (*citing Benham Jewelry Corp. v. Aron Basha Corp.*, 1997 WL 639037, at *20 (S.D.N.Y. 1997)). Additionally, courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool,* 208 F.R.D. at 277.

Here, Plaintiff makes claims of intellectual property infringement and unfair competition against Defendant. *See* Complaint, *generally*. Secondly, Plaintiff's request is specific, particularized, and cannot be characterized as a "fishing expedition." Plaintiff is seeking documentation from eBay and PayPal for the limited purpose of identifying and locating Defendant. Thirdly, Plaintiff is seeking information that it would otherwise be entitled to after the Rule 26(f) conference. As alleged in Plaintiff's Complaint, Defendant has sold counterfeit products bearing Plaintiff's intellectual property through Defendant's multiple eBay accounts and receiving payment through PayPal. Thus, Plaintiff would be entitled to the eBay and PayPal records for Defendant. Moreover, Plaintiff's particularized and narrowly tailored requests will not prejudice Defendant or any third parties because the entities subpoenaed by Plaintiff will have the opportunity to move this Court for an Order quashing the subpoena, will be able to give notice to Defendant that this information is being sought, and Defendant will have the opportunity to raise any objections before this Court prior to the return date of the subpoena.

Based upon the foregoing, Plaintiff has fully satisfied the "good cause" standard and expedited discovery should be granted in the interest of the swift administration of justice.

### C. Plaintiff's Petition Also Meets the *Seescandy.com* Standard

Plaintiff also meets the *Seescandy.com* four-prong standard for expedited discovery prior to a Rule 26(f) conference. In deciding whether expedited discovery is proper prior to the Rule 26(f) conference, courts will sometimes look at: (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the Court can determine that Defendant is a real person or entity who could be sued in federal court"; (2) the previous steps taken by the

plaintiff "to locate the elusive Defendant"; (3) whether plaintiff's "suit against Defendant could withstand a motion to dismiss"; and (4) whether plaintiff has "justified the [need for the] specific discovery requested." *Columbia Ins. Co.*, 185 F.R.D. at 578.

Plaintiff has sufficiently identified Defendant such that the Court can determine that Defendant is a "real person or entity" who can be sued in federal court. *Seescandy.com*, 185 F.R.D. at 578-80. Plaintiff has made specific purchases from Defendant's eBay accounts and made payments to him through PayPal. Compl., ¶¶26-59; Huerter Decl., ¶¶2-50, **Exs. A-WW**. Plaintiff received each evidentiary purchase from Defendant with a shipping label identifying "John Swan" at the same address in Brooklyn, New York, with only minor variations in the suite number. *Id.* Thus, Defendant is a "real person or entity" whose true identity and whereabouts are known to his third-party service providers.

Plaintiff has also exhausted its efforts to fully identify and serve Defendant. Plaintiff has tried to send written correspondence to Defendant at the addresses listed on his packages, but all of the letters were unclaimed. Compl., ¶60; Huerter Decl., ¶52. Plaintiff has also tried to contact Defendant via email, but he has not responded. Compl., ¶60; Huerter Decl., ¶53. Plaintiff's counsel has conducted extensive research into the names provided by PayPal and on the packages but has been unable to identify and locate Defendant. Huerter Decl., ¶54. Thus, Plaintiff has exhausted the means available to find Defendant without leave for early discovery.

Third, Plaintiff's claims would withstand a motion to dismiss. The Complaint sufficiently pleads a *prima facie* claim for trademark and copyright infringement. To prove a claim of trademark infringement, a plaintiff must show that: (1) it owns the trademark at issue; (2) the defendant has used in commerce, without authorization, a copy, reproduction, counterfeit or colorable imitation of the plaintiff's mark in connection with the sale, distribution, or advertising of goods and services; and (3) the defendant's use of the mark is likely to cause confusion or to cause mistake or to deceive. *See* 15 U.S.C. §1114(1). To prove a claim of copyright infringement, a plaintiff must show ownership of a valid copyright and copying of constituent elements of the work that are original. *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*, 499 *U.S.* 340, 361 (1991). Here, Plaintiff has alleged each of the requisite elements.

And finally, Plaintiff has justified the need for the immediate discovery. Plaintiff cannot participate in a Rule 26(f) conference to propound discovery because there are no known Defendants with whom to presently confer; thus, no conference is possible and Plaintiff has met its burden regarding in showing that "good cause" exists for the granting of Plaintiff's petition and has shown that the other *Seescandy.com* factors have been met.  Also, Plaintiff has limited the subject matter concerning the discovery and has proposed an Order incorporating safeguards that permit the individual or entity whose records are sought to timely object.

Based upon the foregoing, expedited discovery is proper.

### D. This Court's Order Will Permit Limited Discovery of Records that May Be Subject to the *Privacy Act*

Should Plaintiff require discovery from entities subject to the *Privacy Act*, 5 U.S.C. §552a, this Court's Order allowing for limited discovery would provide for an exemption. Pursuant to 5 U.S.C. §552a(b)(11), disclosure of otherwise confidential information may be disclosed "pursuant to the order of a court of competent jurisdiction." Given Defendant's use of deliberately false information and concealment of his true name and location, Plaintiff's need to identify and locate Defendant for service so that Defendant answers for his extensive counterfeiting activities outweighs any privacy concerns. An order from this Court would be sufficient for entities subject to the *Privacy Act* to disclose records that will assist in identifying and serving Defendant with service of process.

### V. Conclusion

For the foregoing reasons, Plaintiff respectfully submits that the Court grant leave to take limited third-party discovery prior to the Rule 26(f) conference and enter an Order substantially in the form of the attached [Proposed] Order.

DATED: October 9, 2017               JOHNSON & PHAM, LLP

By: /s/ Nicole Drey Huerter
Nicole Drey Huerter, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED